## Anna Kersul, Appellee, v. The Baldwin Piano Company, Appellant.

### Gen. No. 23,180.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed November 30, 1917.

### Statement of the Case.

Action of the fourth class in the Municipal Court of Chicago by Anna Kersul, plaintiff, against the Baldwin Piano Company, a corporation, defendant. From a judgment for plaintiff for $150, defendant appeals.

JOSEPH E. WINTERBOTHAM, for appellant.

Edwin W. Sims, Albert G. Welch and Elwood G. Godman, for appellee; Cecil C. Erickson, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

## Abstract of the Decision.

1. **Sales**—*when intention of parties that assignee of contract for purchase of piano and of commissions be credited with commissions on sales of other pianos.* Where one transferring a contract for the purchase of a piano, with the consent of the piano company, gave an assignment of commissions to come to her from the piano company which provided that she thereby transferred commissions to a certain amount coming to her on a number of sales, made through a named person, to be credited to the account of the transferee of the contract as the commissions become due, *held* that under the circumstances surrounding the case it was the intention of the parties that the transferee should be credited on the purchase price with the amount named in the assignment.

2. **Contracts**, § 168*—*when agreement construed most strongly against drawer.* Where an agreement is drawn up by the seller of goods between the purchaser of the goods and one to whom such purchaser transfers the contract, whereby the purchaser assigns to the transferee certain amounts due her from the seller to be credited on the purchase price, in an action by the seller against the transferee to recover a balance claimed to be due on the purchase price, the agreement will be most strongly construed against the seller.

3. **Trial**, § 83*—*when permitting introduction of further evidence after closing of evidence is proper.* It is within the discretion of the trial court to continue the case and permit the introduction of further evidence after the evidence has been closed, and, where both sides act under such permission, the defendant is not prejudiced thereby.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.